UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY RICHARD CONRAD,

                Plaintiff,

v.                                         Case No. 17-cv-664-pp

TODD PROCHASKA,

                Defendant.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1), AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 8)**

---

The plaintiff is an inmate who is representing himself. He filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. On October 25, 2017, the plaintiff also filed a motion to appoint counsel. Dkt. No. 8. This order resolves the plaintiff's motions and screens his complaint.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

1

On June 30, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $54.34, dkt. no. 6, and the court received the fee on July 13, 2017. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

**II.     Screening the Plaintiff's Complaint**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo,

446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. The Plaintiff's Allegations

The plaintiff alleges that on January 8, 2017, defendant Todd Prochaska responded to a call at the McDonald's located on Monroe Road in the Village of Bellevue in Brown County, Wisconsin. Dkt. No. 1 at 2. The plaintiff states that Prochaska tasered him, struck him twice with an expandable baton, then slammed him to the ground, "causing visible injury to the right side of the plaintiff's head." Id. According to the plaintiff, Prochaska claimed that his actions were "the result of the plaintiff being unresponsive upon his arrival and then taking a defensive posture." Id.

The plaintiff seeks monetary damages for Prochaska's use of unnecessary and excessive force. Id. at 4.

B. Analysis

The plaintiff's claim sounds like a claim that the defendant used excessive force against him. When an excessive force claim "arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (1989). See also, Alicea v. Thomas, 815 F.3d 283, 288 (7th Cir. 2016) (citing Graham, 490 U.S. at 394) ("This type of §1983 excessive force claim

3

originates from the Fourth Amendment's protection against unreasonable seizures."). "An officer's use of force is analyzed under the Fourth Amendment's objective reasonableness standard, and 'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" Alicea, 815 F.3d at 288 (quoting Graham, 490 U.S. at 396).

The plaintiff has stated sufficient facts to allow him to proceed on a Fourth Amendment excessive force claim against Prochaska.

### III. Motion to Appoint Counsel

The plaintiff has asked the court to recruit an attorney to represent him. Dkt. No. 8. He explains that he cannot afford counsel; that his "imprisonment will greatly limit his ability to litigate;" that the issues are complex; that he has "limited access to the law library;" and that he has "limited knowledge of the law." Id.

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). However, the litigant must first make reasonable efforts to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, the plaintiff may demonstrate that he has made these efforts by providing the court proof that he has contacted three attorneys, all of whom have declined to represent him. Once the litigant makes reasonable attempts to hire counsel, the court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson

4

to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff has not satisfied the first Pruitt factor—he has not shown that he made reasonable attempts to hire private counsel on his own. For that reason, the court will deny the plaintiff's motion. But even if he had satisfied that requirement, the court would not grant the plaintiff's request at this time. The plaintiff clearly and succinctly stated his claim in his complaint; the court found it easy to understand. The next step in the process is for the Marshal to serve the defendant, and then for the defendant to answer or otherwise respond to the complaint. Until the defendant responds, there is nothing for the plaintiff to do. Once the defendant responds, the court will issue a scheduling order, setting deadlines for the next steps in the case. If the defendant answers, the scheduling order will set deadlines for the parties to exchange discovery; that means that under Federal Rule of Civil Procedure 33, the plaintiff will be able to the defendant to answer his interrogatories (i.e., written questions) regarding the alleged events, and, under Federal Rule of Civil Procedure 34, he will be able to ask the defendant for any reports or records that he believes are relevant to the alleged events. The court has included copies of these rules for the plaintiff's convenience.

The court certainly understands the difficulties the plaintiff faces, trying to litigate a case while he is in custody, and when he has no legal training. The

5

majority of incarcerated plaintiffs face these same challenges, and there simply are not enough lawyers who are willing and able to volunteer for these cases. That is why the court must analyze the complexities of each case when determining whether a particular plaintiff is capable of proceeding on his own. Here, the plaintiff's case will turn on his personal knowledge of what happened to him and any documents or records that support his version of the events, which is not complicated. The court concludes that the plaintiff is capable of proceeding on his own during this stage of the litigation.

The court will deny the plaintiff's motion to appoint counsel without prejudice. If, later on in the case, the proceedings become too complicated for the plaintiff to manage on his own, he can renew his motion (and provide the court with proof that he has tried to find a lawyer on his own).

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 8.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on defendant Todd Prochaska of the Brown County Sheriff's Department, 2684 Development Drive, Green Bay, WI 54311, under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it

6

has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshal will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court also **ORDERS** defendant Todd Prochaska to file a responsive pleading to the complaint.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $295.66 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Superintendent of the Sturtevant Transitional Facility.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** the plaintiff to mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 17th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**