UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY RICHARD CONRAD,

        Plaintiff,

v.                                      Case No. 17-cv-664-pp

TODD PROCHASKA,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (DKT. NO. 24)**

        The defendant has filed a motion, asking the court to compel the plaintiff to respond to his discovery demands under Federal Rule of Civil Procedure 37. Dkt. No. 24. The defendant explains that he served discovery requests on the plaintiff on October 5, 2018. Id. at 2. He concedes that he received the plaintiff's responses on October 29, 2018, but argues that the responses were "incomplete at best." Id. The defendant asserts that the plaintiff "failed to name his healthcare provider, state with any specificity the injuries he alleges he suffers . . . , where he received treatment for any alleged injuries, the name of his employer at the time of the incident, his salary . . . at the time of the incident, the dates on which he alleged he missed work as a result of the incident, why he had to miss work . . . , or even the amount of wages he seeks as damages." Id. at 3. The defendant says the plaintiff provided "only very superficial" responses to requests for information about past incarcerations,

1

convictions or guilty pleas. Id. He says that the plaintiff "did not even acknowledge" the defendant's requests for documents, including his request for signed medical and jail authorization forms. Id. The defendant asserts that "the information requested is necessary to the defense of the matter, particularly given the plaintiff's claims for damages and lost wages." Id. at 4. In his brief, the defendant included the certification required by Civ. L.R. 37. Dkt. No. 24 at 4.

Defense counsel attached several documents to her declaration in support of the motion—a copy of the discovery requests served on the plaintiff on October 5, 2018, dkt. no. 25-1 at 1-22, and the plaintiff's response to those requests, which is dated October 29, 2018, dkt. no. 25-2 at 1-6. The plaintiff's responses confirm that the plaintiff answered some of the interrogatories. Id. But on the first page of the responses, he acknowledged that his responses were incomplete. Dkt. No. 25-2 at 1. The plaintiff explained that he was participating in the Earned Release Program (a drug abuse program which can earn a prisoner who completes it credit off of his sentence), and he says that the "schedule only allow[ed him] one hour per week in the library, so even finding the information [he] need[ed] to actually get the paperwork in [his] possession ha[d] proven most difficult." Id. He said he'd started looking for a lawyer, but that he hadn't had any luck. Id. He indicated that the ERP schedule interfered with his ability to "make use of the institution's notary," so he could not "complete that requirement." Id. He said that he had written to

2

the court "explaining his situation." Id. He ended by apologizing to the defendant for the inconvenience. Id.

Defense counsel also attached to the declaration the November 26, 2018 letter counsel sent the plaintiff regarding the responses. Dkt. No. 25-3. Defense counsel acknowledged that the plaintiff's time and resources might be limited, but explained that the rules require him to supplement incomplete or incorrect responses. Id. at 1. Counsel informed the plaintiff that most of the interrogatories did not require any resources other than his own personal knowledge. Id. Defense counsel also sent the plaintiff copies of Rules 26 and 33 of the Federal Rules of Civil Procedure and another copy of the medical and jail authorization forms. Id. at 3-144.

Counsel also attached to the declaration a December 13, 2018 letter to the plaintiff, following up on the November 26, 2018 letter. Dkt. No. 25-4 at 1. This second letter indicated that the defendant had not received the missing interrogatory responses and documents, and asked the plaintiff to provide the discovery without delay or the defendant "may be forced to file a motion to compel." Id. Counsel again included copies of the medical and jail authorization forms and self-addressed and postage paid envelopes for easy return. Id. at 2-16.

Finally, counsel attached a January 4, 2019 letter stating that the defendant still hadn't received the discovery and documents. Dkt. No. 25-5 at 1. Counsel informed the plaintiff that if the defendant did not receive the

discovery "soon," the defendant "intend[ed] to file a motion to compel." Id. Counsel again enclosed copies of the medical and jail authorization forms and self-addressed and postage paid envelopes for easy return. Id.

A party may ask the court to compel discovery if an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(1)-(4). A motion to compel is justified if the moving party first has attempted to resolve the discovery dispute with the opposing party, and the moving party includes with his motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); Civ. L.R. 37(1).

The court finds that the defendant attempted to meet and confer in good faith with the plaintiff to resolve the issue of the missing discovery. The motion is properly before the court.

Because the plaintiff failed to respond, the court could grant the motion under Civil Local Rule 7(d). But a court has discretion in ruling on a motion to compel. Packman v. Chi. Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001) ("District courts have broad discretion in discovery matters.") The question is whether, under the circumstances the plaintiff described in his November 2018 response to the defendant, the court should exercise that discretion.

The plaintiff stated in his response to the defendant's discovery demands that he had advised the court of his circumstances. On October 31, 2018, the

4

court received a letter from the plaintiff, indicating that he had "complied with the court's order to answer the interrogatories sent to [him] by the defendants." Dkt. No. 19. He explained, however, that he had not been able to get all the documents he needed to "answer the questions to [the defendant's] satisfaction in all likelihood" because he had started the ERP on September 3; for three weeks, he'd had no library access, and as of the time of his letter to the court, he had "one hour at the library per week." Id. (At that time, he was in Racine Correctional Institution. Id.) He told the court that he could not represent himself, that he had been unsuccessful in finding a lawyer and that he likely would be filing a motion asking the court to appoint counsel. Id.

The court received that motion from the plaintiff on November 15, 2018, dkt. no. 20; the court denied the motion on December 17, 2018, dkt. no. 22. In that order, the court concluded that the plaintiff was capable of handling the tasks associated with litigating the case at that time, and it explained to the plaintiff that "all [he] needs to do is to answer the questions (interrogatories and requests for admission) that the defendant asked him and provide any documents the defendant asked for." Dkt. No. 22 at 3.

The court has received nothing from the plaintiff since he filed his motion to appoint counsel. According to the Wisconsin Offender Locator service online, the plaintiff was released to extended supervision on December 6, 2018. See https://offender.doc. state.wi.us/lop/home.do. It is the plaintiff's responsibility to notify the court of any change of address, and the court has heard nothing

from him in that regard. At the time the court issued its order denying the plaintiff's motion to appoint counsel, it learned from the plaintiff's state probation officer that the plaintiff was living at 4217 Nicolet Drive in Green Bay, Wisconsin, so the court updated the case docket and sent a copy of the order to him at that address.

Rules 33 and 34 allow the responsive party thirty days to respond to the opposing party's discovery requests. At this point, the plaintiff has had five months to respond. The court understands that being incarcerated makes litigation hard, but it appears the plaintiff is no longer incarcerated. The court also understands that the plaintiff was trying to complete an intensive drug treatment program in the hope of reducing his sentence; that was a positive, healthy thing for him to do. But the plaintiff filed this lawsuit. He cannot bring a lawsuit, and then refuse to comply with the laws that govern any party who litigates in federal court. The plaintiff does not need law books to respond to the defendant's discovery demands. He needs only to provide the information the defendant has asked for—information that the plaintiff knows. He needs to send back the completed forms the defendant has sent him. None of that requires research.

The court will grant the defendant's motion to compel. The plaintiff must answer every one of the defendant's interrogatories. If he does not know the answer to a question, he can say that. If he does not have information that a question asks for, he can say that. The plaintiff does not need a notary to

respond to the discovery requests; he may include with his responses an unsworn declaration under 28 U.S.C. §1746. The declaration should conclude by stating: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2). The plaintiff also has the option to answer an interrogatory by describing records that would respond to the question and making those records available to the defendant. Rule 33(d).

Regarding the defendant's request for medical and jail authorization, the plaintiff has claimed that the defendant used excessive force against him. That claim makes his medical and jail records relevant. If the plaintiff objects to the defendant having access to the records, he must file something with this court, explaining the basis for his objection. "[O]nce this court has determined that information contained in those records is directly relevant to material issues in the lawsuit, then a party's decision not to sign a release will have consequences commensurate with the importance of the records." Ammons v. Gerlinger, No. 06-C-20-C, 2007 WL 5659413, at *3 (W.D. Wis. Mar. 12, 2007).

The court warns the plaintiff that if he does not comply with this order compelling him to produce discovery, the defendant may request sanctions, including asking the court to dismiss this case. The court would not impose sanctions without giving the plaintiff the opportunity to respond, but silence is not a response.

The court **GRANTS** the defendant's motion to compel. Dkt. No. 24.

The court **ORDERS** that the plaintiff shall respond to the defendant's October 5, 2018 discovery requests as discussed in this order by the end of the day on **Friday, May 10, 2019**. If the defendant does not receive responses to the discovery by the end of the day on Friday, May 10, 2019, the defendant may request sanctions, including dismissal of the case.

The court **ORDERS** that the deadline for completing all discovery is extended to **Friday, June 7, 2019,** and the dispositive motions deadline is extended to **Friday, July 5, 2019**.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**